Johnson, J.
The power of the corporation of New-York to pass police regulations and to enforce the observance of them by penalties is not denied. But it is contended that the ordinance in question is not of that nature and is unreasonable, and therefore void. The subject regulated is hoistways, which usually exist only in stores and other buildings for commercial or manufacturing purposes. In country towns the hoisting and lowering of bulky articles to the upper floors of a store are usually effected outside of the building; but in the city of New-York the operation is performed inside the building, through openings left in the different floors. These openings, if unprotected by a railing in the day-time, or if left unclosed by a door or platform at night, are obviously dangerous to all persons going about the premises. A much smaller degree of thoughtlessness than frequently exists would lead to dangerous and fatal accidents. As a store is, in business hours, open to every one who chooses to enter it on business, unless particularly prohibited, it cannot be said that the danger is confined to the owner and ordinary occupants of the building. The ordinance, in that aspect, stands on the same footing as a regulation prohibiting a well or cistern in a man’s yard, unprotected by curb or cover, the reasonableness of which could not be doubted'. The closing of such a communication between the different floors of a store at night, after the premises are left by the persons ordinarily employed about them, is also highly reasonable. In case of fire, these openings would tend directly and powerfully to allow the fire to extend through all parts of the building, and, if left *504 uncovered, would also tend to endanger those whom duty might require to enter to effect the extinguishment of the fire. The ordinance is plainly reasonable and wise, and the judgment should be affirmed.
Paige, J.
The ordinance in question is embraced within the general jiowers conferred upon the common council of the city of New-York by the Montgomery charter, granted on the 15th January, 1730. This charter authorizes the common council to make such ordinances as shall seem to be good, useful and necessary for the good rule and government of the body politic and of all officers, &c., and inhabitants and residents of the city, &c., provided they be not repugnant to the laws of England, or of the province of New-York. The complaint alleges that it having been found necessary, by the common council of said city, said council, on the 19th Sept., 1850, passed the ordinance in question. The making of this ordinance is claimed to be a valid exercise of power by the common council, under their general power to make police regulations. We are to presume that it was deemed, by the common council which adopted it, a good, useful and necessary regulation, for the good rule and government of the body corporate, and of the inhabitants of the city of New-York. The immediate object of its adoption was undoubtedly the protection of the persons and lives of the firemen of the city, upon whom the duty is imposed of entering buildings for the purpose of extinguishing fire; but the ultimate object was evidently the public benefit. We can see that a prudential regulation of this character, designed to diminish the hazard of discharging an important but perilous public duty, and thus to facilitate its performance, may be both useful and necessary, in securing the protection of the property of the inhabitants of the city. This regulation should not, in my judgment, be regarded as an unnecessary interference with the enjoyment of private property, but as a necessary restraint of the manner of exercising *505 individual rights over property to promote the general good. No individual has any right to complain of a law or police regulation which compels him so to exercise his rights of private property as not to injure others. (7 Cow., 352; id., 604.) It must be conceded, that a municipal corporation, under a grant of a general power to make police regulations, can require the citizens to exercise their rights of.property in such a manner as to prevent its becoming pernicious to the citizens generally. (7 Cow., 604; Bouv. Law. Dic., “Police.”) A police regulation of this .character cannot be said to interfere unnecessarily with the exercise of private rights, nor be considered as unreasonable. (24 Pick., 363.)
I think the ordinance in question may be sustained on the same principles as those on which rest the fire-laws prescribing the height, thickness of walls and materials of buildings within the city. They .are equally police regulations, and both have the same object in view, the public benefit. The fire laws may be more immediately beneficial to the public, but the benefits, immediate and ultimate, which will flow from the regulation in question, are suffisiently apparent to require us to sustain it as a reasonable police regulation.
. Brows", J., being related to a party interested, expressed ao opinion; all the other judges concurring,
Judgment affirmed.